*21 EDWARDS, Senior Circuit Judge,
concurring:
Congress’s authority to legislate under the Commerce Clause is not without limits. If nothing else, there are boundaries that emanate from the Necessary and Proper Clause, see U.S. Const, art. I, § 8, cl. 18, which serve as principled limitations on Congress’s authority under the Commerce Clause. As Justice Scalia explained in his concurrence in Gonzales v. Raich, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), Congress may regulate economic activities that have a substantial effect on interstate commerce and also enact laws to make a valid regulation of commerce effective. See id. at 37-39, 125 S.Ct. 2195. With respect to the latter category, “[t]he relevant question is simply whether the means chosen are ‘reasonably adapted’ to the attainment of a legitimate end under the commerce power.” Id. at 37, 125 S.Ct. 2195 (citation omitted). “[T]he power to enact laws enabling effective regulation of interstate commerce can only be exercised in conjunction with congressional regulation of an interstate market, and it extends only to those measures necessary to make the interstate regulation effective.” Id. at 38, 125 S.Ct. 2195. Congress’s power to make a regulation of the interstate market effective “is not a power that threatens to obliterate the line between ‘what is truly national and what is truly local.’ ” Id. (citation omitted).